IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

| | |
|---|---|
| GEESLYN GUILLAUME, and other similarly-situated individuals, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | **Case No.:** |
| TRANSCOR OF MIAMI, INC., a Florida Profit Corporation, JOSEPH LIONETTI, Individually, HOWARD WEISS , Individually, JEFFERY WEISS, individually, JOSEPH WEISS, individually, ) ) ) ) ) ) | |
| Defendants. ) | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Transcor of Miami, Inc. and Joseph Lionetti ("Defendants"), file this Notice of Removal of this action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida to this Court - the United States District Court for the Southern District of Florida. In support of the Notice of Removal, Defendants state:

1.     On or about April 2, 2014, Plaintiff, Geeslyn Guillaume ("Plaintiff) filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 13-2014-CA-008892-CA-01; Judicial Section 10.[1]   The Complaint was served on Defendant Transcor of Miami, Inc. on April 16, 2014, and was served on Defendant Joseph Lionetti on April 18, 2014.  *See* the Summonses included in the file attached hereto as Composite Exhibit "A." The remaining defendants have not been served with the Summons and Complaint.

---

[1]   Copies of all documents retrieved from the Circuit Court file are attached hereto as **Composite Exhibit "A."**

2.    The Complaint alleges six counts arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"):

a.    One count under the FLSA, alleging unpaid minimum wage and overtime against Defendant Transcor of Miami, Inc. (Count IV);

b.    One count under the FLSA, alleging unpaid minimum wage and overtime against Defendant Joseph Lionetti (Count V);

c.    One count under the FLSA, alleging unpaid minimum wage and overtime against Defendant Joseph Weiss (Count VI);

d.    One count under the FLSA, alleging unpaid minimum wage and overtime against Defendant Howard Weiss (Count VII);

e.    One count under the FLSA, alleging unpaid minimum wage and overtime against Defendant Jeffery Weiss (Count VIII); and

f.    One count of retaliatory discharge under the FLSA against Defendants (Count IX).

The remaining four counts name only Defendant Transcor of Miami, Inc. and arise out of the employment relationship between Plaintiff and Defendant Transcor of Miami, Inc.:

a.    One count of breach of agreement (Count I);

b.    One count of quantum meruit (Count II);

c.    One count of unjust enrichment (Count III); and

d.    One count of retaliatory discharge under Article X, Section 24(d) of the Florida Constitution (Count X).

3.    The Complaint is removable to the United States District Court for the Southern District of Florida because Counts IV - IX of the Complaint present a federal

2

question.  Specifically, 28 U.S.C. § 1331 provides that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  Plaintiff's FLSA claims convey original jurisdiction over this action to this Court.

4.      Furthermore, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the remaining state law claims (Counts I - III, and X) alleged in the Complaint.  The state law claims do not predominate, as the allegations relevant to Plaintiff's federal FLSA unpaid minimum wage and overtime claims and retaliatory discharge claim relate to and are no doubt premised upon the same operative facts as Plaintiff's contract and quasi-contract claims for unpaid wages and state law retaliatory discharge claim.  In fact, the allegations supporting each count in the Complaint are virtually identical in that Plaintiff incorporates the general factual allegations into each count of the Complaint.  *See* Comp. Ex. A.

5.      Accordingly, Defendants are entitled to remove this action to the District Court in accordance with 28 U.S.C. § 1441(a).

6.      The filing of this Notice for Removal is timely because less than thirty days have elapsed since the date of service on Defendants.  *See* 28 U.S.C. § 1446(b).

7.      Written notice of the filing of this Notice of Removal has been given to Plaintiff, through counsel, and a copy of the Notice of Removal was filed with the Clerk of the Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, in compliance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that the entire state court action under Case No. 13-2014-CA-008892-CA-01; Judicial Section 10 now pending in the

#29497616_v1

Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, be removed to the United States District Court for the Southern District of Florida for all further proceedings.

Respectfully submitted this 6th day of May, 2014

**HOLLAND & KNIGHT LLP**

s/Edward Diaz
Edward Diaz
Florida Bar No.:988091
Erika R. Royal, Esq.
Florida Bar No.: 0154385
701 Brickell Avenue, Suite 3300
Miami, Florida  33131
Tel: (305) 789-7709-1000
Fax: (305) 789-7799
Email:  edward.diaz@hklaw.com
         erika.royal@hklaw.com

Lindsay Dennis Swiger, Esq.
Florida Bar No.:  0045783
Holland & Knight LLP
50 North Laura Street, Suite 3900
Jacksonville, Florida  32202
Telephone:   (904) 353-2000
Facsimile:    (904) 358-1872
Email:  lindsay.swiger@hklaw.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on **May 6th, 2014**, a true and correct copy of the foregoing Defendants' Notice of Removal was served via **Electronic Mail** on the following:

Anthony Georges-Pierre, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone:   (305) 416-5000
Facsimile:   (305) 416-5005
Email:        agp@rgpattorneys.com

s/Edward Diaz
Edward Diaz, Esq.
Florida Bar No.: 988091
701 Brickell Ave., Suite 3000
Miami, FL 33131
Telephone:   (305) 789-7709
Facsimile:    (305) 789-7799
Email:  edward.diaz@hklaw.com

#29497616_v1

# COMPOSITE EXHIBIT "A"

#29511450_v1



🛒 0 Item(s) in Basket            Home  |  Online Services  |  About us  |  Contact us



# HARVEY RUVIN
## CLERK of the COURTS
### MIAMI-DADE COUNTY, FLORIDA

## Civil Court Online System - Docket Information

BACK TO SEARCH RESULTS                    ALL PARTIES                    START A NEW SEARCH

**GUILLAUME, GEESLYN vs TRANSCOR OF MIAMI INC**
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

Case Number (LOCAL): 2014-8892-CA-01   Dockets Retrieved: 8        Filing Date: 04/04/2014
Case Number (STATE): 13-2014-CA-008892-0000-01                     Judicial Section: 10

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 05/01/2014 | | SUMMONS RETURNED - NO SERVICE | DN05 |
| 05/01/2014 | | SUMMONS RETURNED - NO SERVICE | DN03 |
| 04/30/2014 | | SUMMONS RETURNED - NO SERVICE | DN04 |
| 04/22/2014 | | SERVICE RETURNED | BADGE # 2212 P 04/16/2014 DN01 |
| 04/04/2014 | | DEMAND FOR JURY TRIAL | |
| 04/04/2014 | | COMPLAINT | |
| 04/04/2014 | | CIVIL COVER | |
| 04/04/2014 | | EFILE NUMBER | : 12125145 |

BACK TO SEARCH RESULTS                    ALL PARTIES                    START A NEW SEARCH

Civil Search Home | Civil Court Information | Email | Login
Home | Privacy Statement | Disclaimer | Contact Us | About Us
2008 Clerk of the Court. All Rights reserved.



☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | **CIVIL COVER SHEET** | |

| PLAINTIFF | VS. DEFENDANT | CLOCK IN |
|---|---|---|
| GEESLYN GUILLAUME | TRANSCOR OF MIAMI, INC.<br>JOSEPH LIONETTI, Individually,<br>HOWARD WEISS , Individually,<br>JEFFERY WEISS, individually,<br>JOSEPH WEISS, individually, | |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☐ **Negligence - Other**
  ☐ 097 - Business Governance
  ☐ 098 - Business Torts
  ☐ 099 - Environmental/Toxin Tort
  ☐ 100 - Third Party Indemnification
  ☐ 101 - Construction Defect
  ☐ 102 - Mass Tort
  ☐ 103 - Negligent Security
  ☐ 104 - Nursing Home Negligence
  ☐ 105 - Premises Liability - Commercial
  ☐ 106 - Premises Liability - Residential
  ☐ 107 - Negligence - Other
☐ **Real Property/Mortgage Foreclosure**
  ☐ 108 - Commercial Foreclosure $0 - $50,000
  ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  ☐ 110 - Commercial Foreclosure $250,000 - or more
  ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  ☐ 117 - Other Real Property Actions $0 - $50,000
  ☐ 118 - Other Real Property Actions $50,001 - $249,999

☐ 119 - Other Real Property Actions $250,000 or more
☐ **Professional Malpractice**
  ☐ 094 - Malpractice - Business
  ☐ 095 - Malpractice - Medical
  ☐ 096 - Malpractice - Other professional
☒ **Other**
  ☐ 120 - Antitrust/Trade Regulation
  ☐ 121 - Business Transactions
  ☐ 122 - Constitutional Challenge - Statute or Ordinance
  ☐ 123 - Constitutional Challenge - Proposed amendment
  ☐ 124 - Corporate Trust
  ☒ 125 - Discrimination - Employment or Other
  ☐ 126 - Insurance Claims
  ☐ 127 - Intellectual Property
  ☐ 128 - Libel/Slander
  ☐ 129 - Shareholder Derivative Action
  ☐ 130 - Securities Litigation
  ☐ 131 - Trade Secrets
  ☐ 132 - Trust Litigation
☐ **133 - Other Civil Complaint**
  ☐ 009 - Bond Estreature
  ☐ 014 - Replevin
  ☐ 024 - Witness Protection
  ☐ 080 - Declaratory Judgment
  ☐ 081 - Injunctive Relief
  ☐ 082 - Equitable Relief
  ☐ 083 - Construction Lien
  ☐ 084 - Petition for Adversary Preliminary Hearing
  ☐ 085 - Civil Forfeiture
  ☐ 086 - Voluntary Binding Arbitration
  ☐ 087 - Personal Injury Protection (PIP)



**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

REMEDIES SOUGHT (check all that apply):

☒   monetary;

☐   non-monetary declaratory or injunctive relief;

☐   punitive

NUMBER OF CAUSES OF ACTION: [ 10 ]

(specify)  Breach of agreement, Quantum Meruit, Unjust Enrichment, FLSA, Retaliatory Discharge

IS THIS CASE A CLASS ACTION LAWSUIT?

☒ Yes

☐ No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☒ No

☐ Yes   If "Yes", list all related cases by name, case number, and court.

IS JURY TRIAL DEMANDED IN COMPLAINT?

☒ Yes

☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____   Florida Bar # ___0533637___
          Attorney or party                                (Bar # if attorney)

Anthony Georges-Pierre                          4/2/14
(type or print name)                               Date




IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GEESLYN GUILLAUME ,
and other similarly-situated individuals,

      Plaintiff(s),

v.

TRANSCOR OF MIAMI, INC.
a Florida Profit Corporation, JOSEPH LIONETTI,
Individually, HOWARD WEISS , Individually,
JEFFERY WEISS, individually, JOSEPH WEISS, individually,

      Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiffs, GEESLYN GUILLAUME, ("Plaintiffs"), and other similarly situated

individuals, by and through the undersigned counsel, hereby sue Defendants, TRANSCOR OF

MIAMI, INC. and HOWARD WEISS , Individually, JOSEPH LIONETTI, individually,

JEFFERY WEISS, individually, JOSEPH WEISS, individually,  ("Defendants"), and in support

avers as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Honorable Court is proper as the damages for Plaintiff are in excess of

    $15,000.00, excluding attorney's fees and costs; and the claims are brought pursuant to

    the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the

    "FLSA") (Section 216 for jurisdictional placement) ("the Act") and Article X, Section 24

    (d) of the Florida Constitution (hereinafter called the "FMWA"), to recover unpaid

    wages, unpaid minimum wage compensation, overtime compensation, and additional

equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over Plaintiff' FLSA claims pursuant to the 29 U.S.C. § 216 (b).

3. Venue is proper in the Eleven Judicial Circuit, MIAMI-DADE County, Florida, as the defendants reside in MIAMI-DADE County, engaged in business in MIAMI-DADE County and/or because much of the conduct alleged below occurred in MIAMI-DADE, Florida.

## PARTIES

4. Plaintiff GEESLYN GUILLAUME , and are residents of MIAMI-DADE County, Florida, within the jurisdiction of this Honorable Court and covered employees for purposes of the Act, who performed non-exempt duties for Defendants at their location in MIAMI-DADE , Florida.

5. At all times material hereto, Plaintiff were "employees" of Defendants within the meaning of the FLSA.

6. At all times material hereto, Plaintiff were "engaged in commerce" within the meaning of §6 and §7 of the FLSA. Specifically, Plaintiff utilized and handled equipment and goods manufactured and purchased from outside the State of Florida.

7. At all times hereto, Plaintiff were engaged in the "production of goods for commerce" and subject to individual coverage under the FLSA.

8. At all times material hereto, Defendant TRANSCOR OF MIAMI, INC. was and continues to be a Florida Profit Corporation. Further, at all times material hereto, Defendants were engaged in business in Florida, with a principal place of business in MIAMI-DADE, Florida.

9. Defendant, HOWARD WEISS, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, TRANSCOR OF MIAMI, INC.

10. Defendant TRANSCOR OF MIAMI, INC. which provides services in MIAMI-DADE County. As a result of the service provided by Defendant, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s).

11. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

## STATEMENT OF FACTS

12. From approximately February 2007 through January 2014, Plaintiff, GEESLYN GUILLAUME worked for Defendants as a non-exempt employee.

13. At various material times, Plaintiff, GEESLYN GUILLAUME worked for Defendants in excess of forty (40) hours within a work week and was not properly compensated.

14. During the time period from February 2007 through January 2014, Defendants failed to compensate Plaintiff , GEESLYN GUILLAUME,  at the rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week. Plaintiff ,GEESLYN GUILLAUME , should be compensated at the rate of one and a half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.

15. Defendants have violated Title 29 U.S.C. § 207 from on or about the time period that Plaintiff worked, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period in which they were employed with Defendants;



b. No payments, and provisions for payments, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and a half times Plaintiff' regular hours worked in excess of forty (40) per work as provided by the FLSA; and

c. Defendants have failed to maintain proper time records as mandated by the FLSA.

16. Plaintiff has retained the undersigned attorney to represent Plaintiff in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT I

### *Breach of Agreement Against TRANSCOR OF MIAMI, INC.*

17. Plaintiff's re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

18. Defendant breached its agreement with Plaintiffs by failing to pay the amount due to Plaintiffs for services provided and performed under their agreement, and by not properly paying Plaintiffs for all hours worked in violation of the laws of the United States and the State of Florida.

19. Plaintiffs suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiffs seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II

### *Quantum Meruit Against TRANSCOR OF MIAMI, INC.*

20. Plaintiff's re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.



21. Plaintiffs have conferred a benefit onto Defendants by performing and providing services for Defendant.

22. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiffs.

23. Defendants accepted plaintiff's services to Defendants.

24. Defendants retain an inequitable benefit from Plaintiffs by not properly paying Plaintiffs for all hours worked in violation of the laws of the United States and the State of Florida.

25. Plaintiffs seek damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiffs seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT III
### *Unjust Enrichment Against TRANSCOR OF MIAMI, INC.*

26. Plaintiff's re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

27. Plaintiffs have conferred a benefit upon Defendants for services performed and provided to Defendants.

28. Defendants have knowledge of the services performed and provided by Plaintiffs.

29. Defendants voluntarily accepted the services performed and provided by Plaintiffs.

30. Defendants unjustly benefit from the services performed and provided by Plaintiffs by not properly paying Plaintiffs for all hours worked in violation of the laws of the United States and the State of Florida.




31. Plaintiffs seek damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiffs seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV

### *Wage & Hour Federal Statutory Violation Against TRANSCOR OF MIAMI, INC.*

32. Plaintiff's re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

33. This action is brought by Plaintiffs and other similarly-situated individuals to recover from Defendant (City Works) unpaid minimum wage and unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

34. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

35. At all times pertinent to this Complaint, Defendant( City Works) operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of

Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

36. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

37. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. Plaintiffs work for the Defendant likewise affects interstate commerce.

38. Plaintiffs seek to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

39. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201- 219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

40. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiffs is entitled to recover double damages.

41. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

## COUNT V

### *Wage & Hour Federal Statutory Violation Against JOSEPH LIONETTI*

42. Plaintiff's re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

43. At the times mentioned, Defendant, JOSEPH LIONETTI, was and is now, a corporate officer of corporate Defendant, TRANSCOR OF MIAMI, INC.

44. Defendant, JOSEPH LIONETTI, was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant, JOSEPH LIONETTI ,employer in relation to the employees of Defendant employer, including Plaintiffs.

45. Defendant, JOSEPH LIONETTI, had operational control of the business and is thus jointly liable for Plaintiffs damages.

46. Defendant, JOSEPH LIONETTI, willfully and intentionally refused to properly pay Plaintiffs wages as required by the law of the United States as set forth above and remains owing Plaintiffs these wages since the commencement of Plaintiffs employment with Defendant as set forth above.

## COUNT VI
### *Wage & Hour Federal Statutory Violation Against JOSEPH WEISS*

47. Plaintiff's re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

48. At the times mentioned, Defendant, JOSEPH WEISS, was and is now, a corporate officer of corporate Defendant, TRANSCOR OF MIAMI, INC.

49. Defendant, JOSEPH WEISS, was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant, JOSEPH WEISS, employer in relation to the employees of Defendant employer, including Plaintiffs.

50. Defendant, JOSEPH WEISS, had operational control of the business and is thus jointly liable for Plaintiffs damages.

51. Defendant, JOSEPH WEISS, willfully and intentionally refused to properly pay Plaintiffs wages as required by the law of the United States as set forth above and remains owing Plaintiffs these wages since the commencement of Plaintiffs employment with Defendant as set forth above.

## COUNT VII
### *Wage & Hour Federal Statutory Violation Against HOWARD WEISS*

52. Plaintiff's re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

53. At the times mentioned, Defendant, HOWARD WEISS, was and is now, a corporate officer of corporate Defendant, TRANSCOR OF MIAMI, INC.

54. Defendant, HOWARD WEISS, was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this



individual Defendant acted directly in the interests of Defendant, HOWARD WEISS, employer in relation to the employees of Defendant employer, including Plaintiffs.

55. Defendant, HOWARD WEISS, had operational control of the business and is thus jointly liable for Plaintiffs damages.

56. Defendant, HOWARD WEISS, willfully and intentionally refused to properly pay Plaintiffs wages as required by the law of the United States as set forth above and remains owing Plaintiffs these wages since the commencement of Plaintiffs employment with Defendant as set forth above.

## COUNT VIII
### Wage & Hour Federal Statutory Violation Against JEFFERY WEISS

57. Plaintiff's re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

58. At the times mentioned, Defendant, JEFFERY WEISS, was and is now, a corporate officer of corporate Defendant, TRANSCOR OF MIAMI, INC.

59. Defendant, JEFFERY WEISS, was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant, JEFFERY WEISS, employer in relation to the employees of Defendant employer, including Plaintiffs.

60. Defendant, JEFFERY WEISS, had operational control of the business and is thus jointly liable for Plaintiffs damages.

61. Defendant, JEFFERY WEISS, willfully and intentionally refused to properly pay Plaintiffs wages as required by the law of the United States as set forth above and remains owing Plaintiffs these wages since the commencement of Plaintiffs employment with Defendant as set forth above.



62. **WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

63. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs rights;

64. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wage and unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

65. Award Plaintiffs an equal amount in double damages/liquidated damages; and

66. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

67. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT IX
## RETALIATORY DISCHARGE (FEDERAL LAW)

68. Plaintiff realleges and reavers paragraph 1 through 16 of the Complaint as if fully set forth herein.

69. The motivating factor which caused Plaintiff' termination was the complaint of hours worked and seeking overtime wages.  In other words, Plaintiff would not have been terminated but for the complaint of hours worked and seeking overtime wages.

70. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

71. Defendants' conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

72. The motivating factor that caused Plaintiff' adverse employment action as described above was Plaintiff' complaint regarding not being properly paid for all hours worked.

73. The Defendants' conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff have been damaged.

74. WHEREFORE, Plaintiff respectfully prays for the following relief against Defendants:

75. Adjudge and decree that Defendants have violated the FLSA and have done so willfully, intentionally and with reckless disregard for Plaintiff' rights;

76. Enter judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

77. Enter judgment against the Defendants for all front wages until Plaintiff becomes 65 years of age; and

78. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

79. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

80. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT X
## RETALIATORY DISCHARGE (STATE LAW)

81. Plaintiff realleges and reavers paragraph 1 through 16 of the Complaint as if fully set forth herein.

82. Defendants' conduct as set forth above constitutes a violation of the FMWA's anti-retaliation provision.

83. The motivating factor that caused Plaintiff' adverse employment action as described above was Plaintiff' complaint regarding not being properly paid for all hours worked.

84. The Defendants' conduct was in direct violation of the FMWA, and, as a direct result, Plaintiff have been damaged.

85. WHEREFORE, Plaintiff respectfully prays for the following relief against Defendants:

86. Adjudge and decree that Defendants has violated the FMWA and have done so willfully, intentionally and with reckless disregard for Plaintiff' rights;

87. Enter judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

88. Enter judgment against the Defendants for all front wages until Plaintiff becomes 65 years of age; and

89. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

90. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

91. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

WHEREFORE, Plaintiff GEESLYN GUILLAUME , and demand a declaratory of rights finding that an employer-employee relationship existed, Plaintiff were not paid the required overtime rate for their regular hours worked, Plaintiff worked over forty hours in a work without receiving correct overtime compensation pursuant to the FLSA, Defendants failed to keep accurate time records, Defendants failed to prove a good faith defense, Plaintiff are entitled to overtime compensation, liquidated damages and reasonable attorneys' fees and costs pursuant to the FLSA.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues as triable as a matter of right by jury.

DATED this 2 day of April, 2014.

Respectfully submitted,

Anthony Georges-Pierre, Esq.
Florida Bar No.: 0533637
Email: agp@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

**RETURN OF NON-SERVICE**

| | | |
|---|---|---|
| State of **FLORIDA** | County of **DADE** | Circuit Court |

Case Number: 14-008892CA(01)

Plaintiff:
**GEESLYN GUILLAUME,**

vs.

Defendant:
**TRANSCOR OF MIAMI, INC. ET AL.,**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 8th day of April, 2014 at 9:49 am to be served on **JOSEPH WEISS, 3380 NW 114TH ST, SUITE C, MIAMI, FL 33167.**

I, JOHN BETANCOURT, do hereby affirm that on the **28th day of April, 2014** at **9:00 am, I:**

**NON-SERVED** the **SUMMONS AND COMPLAINT** at the address of 3380 NW 114TH ST, SUITE C, MIAMI, FL 33167 for the reason that I failed to find **JOSEPH WEISS** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
NO LONGER AT THE ADDRESS PROVIDED

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**JOHN BETANCOURT**
CPS #2212

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2014004579

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GEESLYN GUILLAUME ,
and other similarly-situated individuals,

      Plaintiff(s),

v.

TRANSCOR OF MIAMI, INC.
a Florida Profit Corporation, JOSEPH LIONETTI,
Individually, HOWARD WEISS , Individually,
JEFFERY WEISS, individually, JOSEPH WEISS, individually,

      Defendants.

Case No: 14 - 008892 - CA - 01

_____/

### SUMMONS IN A CIVIL CASE

**TO:**

JOSEPH WEISS
3380 NW 114TH ST
Suite C
MIAMI, FL 33167

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET, SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within _____21_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

HARVEY RUVIN, CLERK

CLERK _____

(BY) DEPUTY CLERK

DATE _____ APR 0 8 2014





**State of FLORIDA**          **County of DADE**          **Circuit Court**

Case Number: 14-008892CA(01)

Plaintiff:
**GEESLYN GUILLAUME,**

vs.

Defendant:
**TRANSCOR OF MIAMI, INC. ET AL.,**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130



Received by OJF SERVICES, INC. on the 8th day of April, 2014 at 9:49 am to be served on **JEFFREY WEISS, 3380 NW 114TH ST, SUITE C, MIAMI, FL 33167.**

I, JOHN BETANCOURT, do hereby affirm that on the **28th day of April, 2014 at 9:00 am, I:**

**NON-SERVED** the **SUMMONS AND COMPLAINT** at the address of **3380 NW 114TH ST, SUITE C, MIAMI, FL 33167** for the reason that I failed to find **JEFFREY WEISS** or any information to allow further search.  Read the comments below for further details.

**Additional Information pertaining to this Service:**
NO LONGER AT THE ADDRESS PROVIDED.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**JOHN BETANCOURT**
CPS #2212

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2014004575

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GEESLYN GUILLAUME,
and other similarly-situated individuals,

      Plaintiff(s),

v.

Case No: 14-008092-CA 01

TRANSCOR OF MIAMI, INC.
a Florida Profit Corporation, JOSEPH LIONETTI,
Individually, HOWARD WEISS, Individually,
JEFFERY WEISS, individually, JOSEPH WEISS, individually,

      Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO:**

JEFFERY WEISS
3380 NW 114TH ST
Suite C
MIAMI, FL 33167

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET, SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within _____21_____ days after service
of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your answer
with the Clerk of this Court within a reasonable period of time after service.

HARVEY RUVIN, **CLERK**

CLERK _____

      DATE  APR 0 8 2014

(BY) DEPUTY CLERK

MILITARY

YES    NO

**State of FLORIDA**          **County of DADE, FLORIDA**          **Circuit Court**

Case Number: 14-008892CA(01)

Plaintiff:
**GEESLYN GUILLAUME,**

vs.

Defendant:
**TRANSCOR OF MIAMI, INC. ET AL.,**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 8th day of April, 2014 at 9:49 am to be served on **HOWARD WEISS, 3380 NW 114TH ST, SUITE C, MIAMI, FL 33167.**

I, JOHN BETANCOURT, do hereby affirm that on the **28th day of April, 2014** at 9:00 am, I:

**NON-SERVED** the **SUMMONS AND COMPLAINT** at the address of **3380 NW 114TH ST, SUITE C, MIAMI, FL 33167** for the reason that I failed to find **HOWARD WEISS** or any information to allow further search.  Read the comments below for further details.

**Additional Information pertaining to this Service:**
NO LONGER AT THE ADDRESS PROVIDED

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**JOHN BETANCOURT**
CPS #2212

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2014004578

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GEESLYN GUILLAUME ,
and other similarly-situated individuals,

     Plaintiff(s),

v.

TRANSCOR OF MIAMI, INC.
a Florida Profit Corporation, JOSEPH LIONETTI,
Individually, HOWARD WEISS , Individually,
JEFFERY WEISS, individually, JOSEPH WEISS, individually,

     Defendants.

_____/

Case No: 14-008892-CA 01

## SUMMONS IN A CIVIL CASE

**TO:**

HOWARD WEISS
3380 NW 114TH ST
Suite C
MIAMI, FL 33167

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET, SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within ___21___ days after service
of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your answer
with the Clerk of this Court within a reasonable period of time after service.

HARVEY RUVIN, **CLERK**

APR 0 8 2014

CLERK _____    DATE

(BY) DEPUTY CLERK



MILITARY
YES   NO

# RETURN OF SERVICE

| State of FLORIDA | County of DADE | Circuit Court |
|---|---|---|

Case Number: 14-008892CA(01)

Plaintiff:
**GEESLYN GUILLAUME,**

vs.

Defendant:
**TRANSCOR OF MIAMI, INC. ET AL.,**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL  33130

Received by OJF SERVICES, INC. on the 8th day of April, 2014 at 9:49 am to be served on **TRANSCOR OF MIAMI, INC., 3380 NW 114TH ST, SUITE C, MIAMI, FL 33167.**

I, JOHN BETANCOURT, do hereby affirm that on the **16th day of April, 2014 at 10:55 am, I:**

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **VICTOR BOONE** as **OPERATIONS MANAGER** for **TRANSCOR OF MIAMI, INC.,** at the address of: **3380 NW 114TH ST, SUITE C, MIAMI, FL 33167,** and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**JOHN BETANCOURT**
CPS #2212

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2014004574

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GEESLYN GUILLAUME ,
and other similarly-situated individuals,

Case No: 14-008292-CA 01

     Plaintiff(s),

v.

TRANSCOR OF MIAMI, INC.
a Florida Profit Corporation, JOSEPH LIONETTI,
Individually, HOWARD WEISS , Individually,
JEFFERY WEISS, individually, JOSEPH WEISS, individually,

     Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** TRANSCOR OF MIAMI, INC. Through its Registered Agent

     JOSEPH LIONETTI
     3380 NW 114TH ST
     Suite C
     MIAMI, FL 33167

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

     ANTHONY GEORGES-PIERRE, ESQ.
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET, SUITE 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within _____21_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

HARVEY RUVIN

CLERK                                     DATE          APR 0 8 2014

(BY) DEPUTY CLERK

