UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-cv-21644-COOKE/Torres

GEESLYN GUILLAUME,
and other similarly-situated individuals,

    Plaintiff(s),

v.

TRANSCOR OF MIAMI, INC.
a Florida Profit Corporation, and
JOSEPH LIONETTI, Individually,

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, GEESLYN GUILLAUME, ("Plaintiffs"), and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendants, TRANSCOR OF MIAMI, INC. and JOSEPH LIONETTI (collectively, "Defendants"), and in support avers as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Honorable Court is proper as the damages for Plaintiff are in excess of $15,000.00, excluding attorney's fees and costs; and the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") (Section 216 for jurisdictional placement) to recover unpaid wages, unpaid minimum wage compensation, overtime compensation, and additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over Plaintiff' FLSA claims pursuant to the 29 U.S.C. § 216 (b).

3. Venue is proper in the Eleven Judicial Circuit, MIAMI-DADE County, Florida, as the defendants reside in MIAMI-DADE County, engaged in business in MIAMI-DADE County and/or because much of the conduct alleged below occurred in MIAMI-DADE, Florida.

## PARTIES

4. Plaintiff is a resident of MIAMI-DADE County, Florida, within the jurisdiction of this Honorable Court, and is a covered employees for purposes of the Act, who performed non-exempt duties for Defendants in MIAMI-DADE, Florida.

5. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA. Specifically, Plaintiff utilized and handled equipment and goods manufactured and purchased from outside the State of Florida.

7. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to individual coverage under the FLSA.

8. At all times material hereto, Defendant TRANSCOR OF MIAMI, INC. was and continues to be a Florida Profit Corporation. Further, at all times material hereto, Defendants were engaged in business in Florida, with a principal place of business in MIAMI-DADE, Florida.

9. Defendant, JOSEPH LIONETTI, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, TRANSCOR OF MIAMI, INC.

10. Defendant TRANSCOR OF MIAMI, INC. provides services in MIAMI-DADE County. As a result of the service provided by Defendant, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s).

11. At all times material hereto, Defendant TRANSCOR OF MIAMI, INC. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. From approximately February 2007 through January 2014, Plaintiff was employed by Defendants as a non-exempt administrative assistant.

13. Plaintiff was paid at a regular rate of $10.25 per hour.

14. Throughout her employment, Plaintiff worked in excess of forty (40) hours per week.

15. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

16. Despite such knowledge, Plaintiff was not paid at the proper overtime rate for all hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

17. Additionally, Plaintiff worked numerous hours for which no compensation whatsoever was received, in violation of the laws of the United States and the State of Florida.

## COUNT I
*Wage & Hour Federal Statutory Violation Against TRANSCOR OF MIAMI, INC.*

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

19. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

21. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

22. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

23. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

24. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

25. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

26. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

27. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

c.  Award Plaintiff an equal amount in double damages/liquidated damages; and

d.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

e.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation Against JOSEPH LIONETTI*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

29. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, TRANSCOR OF MIAMI, INC.

30. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

31. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages. Specifically, Defendant's operational activities included but were not limited to maintaining an office at the location where Plaintiff worked; being present on a daily basis; supervising employees including Plaintiff; interviewing prospective employees; and making the decision to hire and/or fire employees.

32. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues as triable as a matter of right by jury.

Dated June 18, 2014

Respectfully submitted by,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637

REMER & GEORGES-PIERRE, PLLC
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone:  305-416-5000
Facsimile: 305-416-5005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2014 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Erika R. Royal**
erika.royal@hklaw.com
HOLLAND & KNIGHT, LLP
515 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-525-1000
Fax: 463-2030

**Lindsay Dennis Swiger**
lindsay.swiger@hklaw.com
HOLLAND & KNIGHT, LLP
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
Tel: (904) 353-2000
Fax: (904) 358-1872

**Edward Diaz**
edward.diaz@hklaw.com
HOLLAND & KNIGHT, LLP
701 Brickell Avenue
Suite 3000
Miami, FL 33131
Tel: 305-374-8500
Fax: 789-7799

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637